UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TANIA C. FRANCOIS                                CIVIL ACTION

VERSUS                                           NO: 13-4961

STARWOOD HOTELS & RESORTS                        SECTION: "J" (3)
WORLDWIDE, INC.

### ORDER & REASONS

Before the Court is Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood")'s **Motion in Limine (Rec. Doc. 13)**, Plaintiff Tania C. Francois's opposition to the motion **(Rec. Doc. 16)**, and Starwood's reply memorandum. **(Rec. Doc. 25)** The motion, set for hearing on February 12, 2014, is before the Court on briefs. Having reviewed the motion, the memoranda of counsel, and applicable law, the Court finds that motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This matter arises from a trip-and-fall incident at the W New Orleans Hotel ("W Hotel") on the evening of June 20, 2012. Plaintiff Tania Francois ("Ms. Francois"), a Florida resident who was a guest of the W Hotel while visiting New Orleans for a conference, alleges that, while traveling across the W Hotel's first floor lobby with a small group of friends, she tripped over a low-lying, mirrored coffee table. When Ms. Francois fell, an

1

unlit glass votive candle on the table broke and cut her left hand. As a result of the cut, Ms. Francois has undergone two surgeries–one immediately after the fall and another in Florida after there were complications with the first surgery.

Ms. Francois filed suit in state court against Starwood as the alleged owner and operator of the W Hotel alleging violations of Louisiana Civil Code Articles 2315 and 2317 as well as a violation of the Louisiana Merchant Liability Statute, La. R.S. § 9:2800.6. Starwood removed Ms. Francois's suit to this Court on July 2, 2013 on the basis of diversity jurisdiction. To support their respective positions regarding the safety of the table's position in the lobby, both Ms. Francois and Starwood indicated that they intend to proffer expert testimony. Accordingly, Starwood filed the instant motion in limine to exclude the testimony and opinions of Ms. Francois's proffered expert witness, Lance S. Roux ("Mr. Roux").

## LEGAL STANDARD & DISCUSSION

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;

>  (c) the testimony is the product of reliable principles and methods; and
>
>  (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993), the Supreme Court interpreted Rule 702 as requiring the trial judge to ensure that an expert's testimony is both reliable and relevant to the case at hand. Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999), superseded by rule on other grounds, (citing Daubert, 509 U.S. at 590-93)(The purpose of Daubert is "to ensure that only reliable and relevant expert testimony is presented to the jury.") Daubert's gatekeeping function applies not only to "scientific" testimony, but to all expert testimony. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 146-48 (1999). "Most of the safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).

Starwood argues that the Court should exclude Mr. Roux's report and anticipated testimony because his opinions will offer no specialized knowledge or assistance to the trier of fact. In his report, Mr. Roux opines that the mirrored coffee table "reflects the rug that it sits on, making it difficult to distinguish between the floor and table" and that "if safety standards, regulations and

3

recommended safety practices for pedestrian walkways had been applied and adhered to," the injury could have been avoided. (Rec. Doc. 13-3, pps. 4-5) In reaching this conclusion, Mr. Roux relied on an inspection of the site, photos and video of the injury, a statement from Ms. Francois, and the W Hotel Incident Report; however, Mr. Roux admits that the table had since been moved when he performed his on-site inspection. (Rec. Doc. 13-3, pps. 3-4).

The question before the Court is whether Mr. Roux's expert testimony would assist the trier of fact to understand the evidence or to determine a fact issue. The Fifth Circuit has recognized that a district court may properly exclude expert testimony if the subject matter that the proposed expert plans to discuss and the opinions he plans to express to the fact-finder are matters that a fact-finder can deal with competently based on common sense and knowledge of the world. <u>Peters v. Five Star Marine</u>, 898 F.2d 448, 450 (5th Cir. 1990). Given that Plaintiff alleges that she suffered injuries after she tripped over a coffee table, which incident does not present any sort of unique issues, a jury is capable of evaluating this situation based on its common knowledge and experience. Contrary to Plaintiff's assertions, the fact that the table is mirrored does not make this situation extraordinary. Since the Court finds that Mr. Roux's report and testimony will not assist the fact-finder in understanding the evidence or determining a fact in issue, as required by Rule 702 of the Federal Rules of

Evidence, they will be excluded. Terrell v. Rowan Drilling Co., No. 08-4090, 2010 WL 1408273, at *1(E.D. La. Apr. 1, 2010) (excluding expert report and testimony that would not assist the Court, as trier of fact, "to understand the evidence or to determine any of the facts at issue" in the matter).

In his opposition memorandum, counsel for Ms. Francois argues that if Mr. Roux's report and testimony are excluded under Rule 702, the Court should also strike Starwood's expert, Dennis P. Gemberling, because Starwood plans to use him to offer testimony on the same issues. In its memorandum in support of the instant motion in limine, Starwood agrees that Mr. Gemberling's opinions and testimony will not assist the jury in this matter, and notes that Starwood only listed him as an expert to rebut the opinions and testimony of Mr. Roux. Therefore, in light of this agreement and the Court's ability to rule on evidentiary issue *sua sponte*, the Court will also exclude Mr. Gemberling's report and testimony. Rec. Doc. 13-1, p. 5, n.1; see Notch v. Aerospatiale, No. 99-709, 2003 WL 21356790, at * 2 (N.D. Tex. June 9, 2003).

Accordingly,

**IT IS ORDERED** that Starwood's **Motion in Limine (Rec. Doc. 13)** should be and is hereby **GRANTED**. Lance Roux and Dennis Gemberling are hereby **STRICKEN** from the parties' witness lists and will not be permitted to offer testimony or opinions in this matter.

New Orleans, Louisiana this 27th day of February, 2014.

                                _____
                                CARL J. BARBIER
                                UNITED STATES DISTRICT JUDGE